**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | |
|---|---|
| LUCY KIMBERLY FORD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 2:22-cv-02346-TLP-atc |
| v. ) | |
| ) | JURY DEMAND |
| MEMPHIS-SHELBY COUNTY SCHOOLS, ) | |
| also known as Shelby County Board of ) | |
| Education, ) | |
| ) | |
| Defendant. ) | |

**ORDER ADOPTING IN PART REPORT AND RECOMMENDATION AND DENYING MOTION TO DISMISS**

Plaintiff Lucy Kimberly Ford sued her employer pro se, alleging sex discrimination, hostile work environment, and retaliation claims in violation of Title VII of the Civil Rights Act of 1964 and the Tennessee Human Rights Act ("THRA"). (*See* ECF No. 1.) Under Administrative Order 2013-05, the Court referred this case to Magistrate Judge Annie T. Christoff ("Judge Christoff") for management of all pretrial matters. Plaintiff's employer, Memphis-Shelby County Schools ("MSCS"), then moved to dismiss her complaint for failure to state a claim. (ECF No. 9.) After that, Judge Christoff filed a Report and Recommendation ("R&R"), recommending that the Court deny MSCS's motion and order Plaintiff to amend her complaint. (ECF No. 18.) For the reasons below, the Court **ADOPTS IN PART** Judge Christoff's R&R and **DENIES** MSCS's motion to dismiss.

1

## **LEGAL STANDARD**

A magistrate judge may submit to a district court judge proposed findings of fact and recommendations for the determination of certain pretrial matters, including denial of a motion to dismiss for failure to state a claim. 28 U.S.C. § 636(b)(1)(A)–(B). And "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1).

If a party does not object, then a district court reviews an R&R for clear error. Fed. R. Civ. P. 72(b) advisory committee notes. In doing so, the reviewing court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Judge Christoff filed her R&R in late January 2023, and Defendant did not object. What is more, the time to do so has now passed. The Court therefore reviews the R&R (ECF No. 18) for clear error.

## **DISPOSITION**

Like Judge Christoff, the Court finds that Plaintiff's sex discrimination, hostile work environment, and retaliation claims are not time barred under Title VII. First, MSCS's conduct related to Plaintiff's sex discrimination and retaliation claims occurred within 300 days of Plaintiff filing her Equal Employment Opportunity Commission ("EEOC") charge. (ECF No. 1 at PageID 4, 12.) Because "the statute of limitations for filing an employment discrimination charge with the EEOC . . . is 300 days after the alleged unlawful employment action occurred[,]" those claims are not time barred. *See EEOC v. Dolgencorp, LLC*, 196 F. Supp. 3d 783, 799 (E.D. Tenn. 2016), *aff'd*, 899 F.3d 428 (6th Cir. 2018) (quoting *Holleman v. BellSouth Telecomms., Inc.*, No. 3:09-CV-311, 2011 WL 3876590, at *7 (E.D. Tenn. Sept. 1, 2011)).

Plaintiff also alleges a hostile work environment claim that includes MSCS's conduct that occurred both within and outside the statutory period. (*See* ECF No. 1 at PageID 4, 12.) But because Plaintiff alleges that the harassment persisted through the 300-day period, the Court can consider the entire period of the alleged hostile work environment claim. *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 117 (2002) ("Provided that an act contributing to the claim occurs within the filing period, the entire time period of the hostile environment may be considered by a court for the purposes of determining liability.")

The Court also agrees with Judge Christoff that Plaintiff's THRA claims are timely. A claim under the THRA "shall be filed . . . within one (1) year after the alleged discriminatory practice ceases." Tenn. Code Ann. § 4-21-311(d) (emphasis added). The "one year limitations period for bringing a direct court action is not tolled while administrative charges are pending with the THRC or the EEOC." *Martin v. Boeing-Oak Ridge Co.*, 244 F. Supp. 2d 863, 871 (E.D. Tenn. 2002) (quoting *Burnett v. Tyco Corp.*, 932 F. Supp. 1039, 1044 (W.D. Tenn. 1996)). But under the THRA, like under Title VII, "a hostile work environment claim may be timely when only a single act that contributes to the hostile environment occurs within the limitations period." *McCain v. Saint Thomas Med. Partners*, No. M202000880COAR3CV, 2021 WL 2156912, at *5 (Tenn. Ct. App. May 27, 2021).

Plaintiff's complaint refers to MSCS's allegedly discriminatory conduct that happened in October 2021 and May 2022. (ECF No. 1 at PageID 4, 12.) And Plaintiff filed her complaint within a year after this alleged discriminatory practice in June 2022. (*Id.*) And so, the Court agrees with Judge Christoff that Plaintiff's "THRA claim is timely as well, provided [she] is able to assert facts to support her allegations of conduct occurring . . ." within one year of Plaintiff filing her complaint. (ECF No. 18 at PageID 75.) As a result, Judge Christoff recommends that

3

this Court order Plaintiff "to amend her complaint to include details supporting those allegations, as well as any additional allegations related to any ongoing violations." (*Id.*)

Again, the Court agrees with Judge Christoff that Plaintiff's complaint plausibly states claims for sex discrimination, hostile work environment, and retaliation. True enough, Plaintiff has not alleged an element of her sex discrimination claim—that she was replaced by a man or that a comparable, non-protected person was treated better than her. (*See id.* at PageID 76.) But this detail is not required to put MSCS on notice of her sex discrimination claim, and so that claim survives for now. *See Holland v. LG Elecs. U.S.A., Inc.*, No. 3:20-CV00706, 2021 WL 130529, at *6 (M.D. Tenn. Jan. 14, 2021); *see also Keys v. Humana, Inc.*, 684 F.3d 605, 609 (6th Cir. 2012) (reaffirming, following *Twombly* and *Iqbal*, the Supreme Court's holding in *Swierkiewicz v. Sorema*, 534 U.S. 506, 510 (2002), "that the prima facie case under *McDonnell Douglas* is an evidentiary standard, not a pleading requirement"). And Judge Christoff correctly explains why Plaintiff's hostile work environment claim also survives MSCS's motion to dismiss:

> [Plaintiff] asserts that her "workplace was permeated with discriminating intimidation and insult, sufficiently severe and pervasive . . . and emotional trauma from being forced to work with the co-worker who committed the original Sexual Harassment violation against [her], who committed additional offensive acts of aggression toward [her]." Given these allegations, [Plaintiff] has sufficiently alleged a plausible claim for relief for a Title VII hostile work environment based on sex.

(ECF No. 18 at PageID 78 (internal citations omitted)); *see also Wyatt v. Nissan N. Am., Inc.*, 999 F.3d 400, 411 (6th Cir. 2021) (quoting *Ladd v. Grand Trunk Western R.R.*, 552 F.3d 495, 500 (6th Cir. 2009)).

Plaintiff moreover alleges facts that plausibly suggest MSCS took retaliatory actions against her—including demoting her, denying her training opportunities, and providing her

negative performance reports—before and after she filed her EEOC charge. (*See* ECF No. 1; ECF No. 1-1.) The Court therefore finds, as Judge Christoff did, that Plaintiff has alleged enough to assert her retaliation claim under Title VII. *Laughlin v. City of Cleveland*, 633 F. App'x 312, 315 (6th Cir. 2015) (quoting *Niswander v. Cincinnati Ins. Co.*, 529 F.3d 714, 720 (6th Cir. 2008)).

Finally, Judge Christoff also recommends that this Court order Plaintiff to amend her complaint to provide factual support for her allegations of MSCS's discriminatory acts in October 2021 and May 2022. (ECF No. 18 at PageID 81.) But Plaintiff filed her amended complaint after Judge Christoff's R&R to address this issue but before MSCS filed its answer here. (*See* ECF No. 19.) In fact, MSCS had only moved to dismiss at this point. Because such a motion attacking Plaintiff's initial complaint is not a responsive pleading under Federal Rule of Civil Procedure 7, Plaintiff had a right to amend her complaint without leave of court under Rule 15. *See* Fed. R. Civ. P. 7, 15; 6 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure: Civil § 1483 (3d ed. 2022). And so, an order directing Plaintiff to amend her complaint is no longer necessary.

## CONCLUSION

The Court has reviewed the R&R for clear error and finds none. Although Judge Christoff recommends that this Court order Plaintiff to amend her complaint, she did so before this Court responded to the R&R. The Court therefore **ADOPTS IN PART** Judge Christoff's R&R and **DENIES** MSCS's motion to dismiss for failure to state a claim.

**SO ORDERED**, this 9th day of March, 2023.

                                              s/ Thomas L. Parker
                                              THOMAS L. PARKER
                                              UNITED STATES DISTRICT JUDGE